NOT FOR PUBLICATION                                      (Docket No. 16)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                    :
HEATHER HOFFMAN,                    :
                                    :
                 Plaintiff,         :     Civil No. 08-5248 (RBK/KMW)
                                    :
       v.                           :     **OPINION**
                                    :
WILLIAM LYONS, et al.,              :
                                    :
                 Defendants.        :
_____ :

**KUGLER**, United States District Judge:

      This action arises out of alleged discrimination and tortious injuries Plaintiff Heather

Hoffman suffered while employed with a non-appropriated fund instrumentality at Fort Dix, New

Jersey.  Presently before the Court is Defendants' motion to dismiss for lack of jurisdiction

under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can

be granted under Federal Rule of Civil Procedure12(b)(6), or in the alternative, a motion to

dismiss for failure to plead in conformance with Federal Rule of Civil Procedure 8(a).  For the

reasons discussed below, the case is STAYED IN PART and the motion to dismiss for failure to

state a claim upon which relief can be granted is GRANTED IN PART, and the alternative

motion to dismiss for failure to properly plead is DENIED IN PART.

**I.      BACKGROUND**[1]

In 2002, Plaintiff Heather Hoffman was hired by Defendant Family and Morale, Welfare and Recreation, a non-appropriated fund instrumentality, to work at the Fountain Green Golf Course at the Defendant Fort Dix Installation, Fort Dix, New Jersey.  Plaintiff was a non-appropriated fund employee.  Plaintiff was initially hired as a Recreation Aid and remained in that position until September 2004 when her position was changed to a Regular Part Time Operations Assistant.  Plaintiff had been working as a Operations Assistant for several months before being officially granted the increased pay and authority that accompanied the new title.  During this time, Plaintiff worked more than 40 hours per week but was not paid overtime.  In 2007, she became a full time employee as the Assistant Manger of the Fountain Green Golf Course, but continued to work unpaid overtime.

Throughout her employment at Fort Dix, Plaintiff has been verbally abused and sexually harassed by other employees--in particular Defendant William Lyons, the Manger of the Fountain Green Golf Course.  In one instance, a bartender at the Fountain Green Golf Course confronted Plaintiff in front of several customers to ask her if she had breast implants.  When Plaintiff reported the incident to Mr. Lyons, his response was to laugh and to tell Plaintiff that "he could tell her breasts were real."  Amd. Compl. at ¶ 36.  Thereafter, Mr. Lyons seemingly took no action against the bartender.

The sexual harassment was not limited to this incident.  In 2006 after Plaintiff returned from maternity leave, Mr. Lyons confronted Plaintiff and indicated "that her post-pregnant

---

[1] These facts are taken from Plaintiff's Amended Complaint and assumed true for the purposes of the pending motions.

physical condition was 'was (sic) giving him a hard on.'"  Amd. Compl. at ¶ 40.  Defendant was standing close enough to the Plaintiff that "she was further insulted by his physical condition." Amd. Compl. at ¶ 40.  Plaintiff reported the incident to the Management Assistant at Fountain Green.

Later in 2006, Plaintiff was denied a bonus seemingly on the sole basis of her having taken maternity leave.

The harassment of the Plaintiff did not end in 2006.  On February 28, 2007, Mr. Lyons yelled at Plaintiff "'Now you listen to me little girl, I am the manager of this facility and you will do what I tell you to or what I don't tell you to do and this doesn't have to get ugly.'"  Amd. Compl. at ¶ 46.  On May 18, 2007, Plaintiff was having lunch with two other people at the Fountain Green restaurant to discuss Mr. Lyon's behavior when Mr. Lyons approached the table, yelled at the three women, and demanded to know who had reported his inappropriate actions to Defendant Sarah L. Johnson, Director of Family and Morale, Welfare and Recreation.  In May of 2007, Plaintiff reported several incidents of sexual harassment and other hostile workplace incidents to the Family and Morale, Welfare and Recreation administration.

In March of 2008, Plaintiff learned from a subordinate employee that Mr. Lyons had said to the employee that Plaintiff "should not lose any more weight in her 'boobs or ass.'"  Amd. Compl. at ¶ 52.  Plaintiff reported the incident and Defendant Lyons received a two week suspension for the comment.  Shortly thereafter, Mr. Lyons together with his wife, Defendant Claudette Lyons--also an employee at Fort Dix--crafted a libelous letter regarding the Plaintiff that they widely distributed on the Fort Dix Military base.  The letter was seemingly made using computers and copiers belonging to Fort Dix.

3

After Mr. Lyons returned from leave during the summer of 2008, he attempted to alter Plaintiff's schedule.  Mr. Lyons also sent a letter to Plaintiff in August 2008 requesting information about Plaintiff's pregnancy, instructing her on her responsibilities, requesting her views on golf course operations during his absence, and commenting that he would not speak to her without a third party present.

Plaintiff took a holiday around Labor Day 2008 and returned to find that her work computer was missing.  The computer had purportedly crashed, though no other computers seemingly had done so.  Thereafter, Plaintiff was assigned a workspace in a different office and assigned phone duty for Ms. Johnson.  She was then placed at another restaurant facility on the base where she performed clerical work for Defendant Edward Scully, Chief of Operations for Family and Morale, Welfare and Recreation.  Plaintiff has since been advised that she will have to relocate to a position substantially different from her current duties or be forced to work in the same room as Mr. Lyons.

Despite Plaintiff's numerous complaints regarding her hostile work environment, the Defendants have refused to take action.

Thus, in September 2008, through counsel Plaintiff indicated to Defendant Colonel Ronald Thaxton, Fort Dix Installation Command, and Ms. Johnson that paper and electronic records should be retained in anticipation of litigation.  Thereafter, Plaintiff believes that the Defendants attempted to shred or destroy documents from personnel files.

Plaintiff filed a ten count Complaint on October 24, 2008 against the above named Defendants and Defendants Department of the Army, Installation and Management Command, and United States Army Family and Morale, Welfare and Recreation Command.  Plaintiff filed

4

an Amended Complaint on December 10, 2008.  Plaintiff's claims include Count One,

Defamation; Count Two, Sexual Harassment in Violation of the New Jersey Law Against

Discrimination (LAD); Count Three, Retaliation in Violation of LAD; Count Four, 42 U.S.C. §

1983 Negligent Screening, Hiring, Training, Supervising, and Retention; Count Five, Hostile

Work Environment in violation of LAD; Count Six, Violation of the Fair Labor Standards Act;

Count Seven, Violation of the Equal Pay Act; Count Eight, Misprison/Obstruction/Fraudulent

Falsification; Count Nine, Civil Conspiracy; and Count Ten, Violation of the Pregnancy

Discrimination Act.  On February 9, 2009, all Defendants filed a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and in the

alternative, under Federal Rule of Civil Procedure 8(a)(2) for failure to state a short and plain

statement of the claim.

## II.     STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of

subject matter jurisdiction.  The burden of persuasion rests with the plaintiff when subject matter

jurisdiction is challenged under Rule 12(b)(1).  Hedges v. United States, 404 F.3d 744, 750 (3d

Cir. 2005).  In considering a motion to dismiss for lack of subject matter jurisdiction, "the person

asserting jurisdiction bears the burden of showing that the case is properly before the Court at all

stages of the litigation."  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).

Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

disputed material facts will not preclude the trial court from evaluating for itself the merits of

jurisdictional claims."  Mortensen v. First Fed'l Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.

1977).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted.  When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).

Federal Rule of Civil Procedure 8 outlines the requirements for proper pleading.  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007) (citing Dura Pharm. v. Broudo, 544 U.S. 336, 346 (2005)). Although a plaintiff need not include detailed factual allegations in her complaint, a plaintiff's complaint must provide the grounds of her entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted).  The complaint must include enough factual allegations to "raise a right to relief above the speculative level."  Id.

III.    DISCUSSION

    A.    **Counts One, Four, Eight, and Nine**

Defendants move to dismiss Counts One (Defamation), Four (§ 1983 for Negligent

Hiring, Training, Supervision and Retention), Eight (Misprison/Obstruction/Fraudulent

Falsification), and Nine (Civil Conspiracy) of the Amended Complaint alleging that as job-

related injuries, those claims are pre-empted by the Longshore and Harbor Workers'

Compensation Act (LHWCA), 33 U.S.C. §§ 901-50.  Def. br. at 5.  Defendants assert that

because Plaintiff's claimed injuries raise a "substantial question" of LHWCA coverage,

jurisdiction over her claim is with the Office of Workers' Compensation Programs.[2]  Id.  Plaintiff

counters that she is not an "employee" as defined by the LHWCA and that her alleged injuries

are not within the Act's scope.  Pl. br. at 20, 22.  The Court agrees that Plaintiff's claims raise a

substantial question of LHWCA coverage.  However, Plaintiff's claims cannot be dismissed at

this time and judgment on them is stayed pending a determination of coverage by the Secretary of

Labor.

     Plaintiff admits that she is a non-appropriated fund employee, Amd. Compl. at ¶ 21, and

that Family and Morale, Welfare and Recreation and the Fountain Green Golf Course are

"'instrumentalities under the jurisdiction of the armed forces conducted for the comfort, pleasure,

contentment, and mental and physical improvement of personnel of the armed forces.'"  Pl. br. at

4 (quoting 5 U.S.C. § 2105(c)).  Such instrumentalities are known as non-appropriated fund

instrumentalities, or NAFI's.  See, e.g., Traywick v. Juhola, 922 F.2d 786, 787 (11th Cir. 1991).

NAFI employees are covered by the Nonappropriated Fund Instrumentality Act (NFIA), which

provides that the LHWCA "applies with respect to disability or death resulting from injury"

while employed in the continental United States.  5 U.S.C. § 8171(a)(2); see also Traywick, 922

---

     [2] The Office of Workers' Compensation Programs is within the Department of Labor and administers workers' compensation programs, including the LHWCA.  Office of Workers' Compensation Programs, United States Dep't of Labor, http://www.dol.gov/esa/owcp/index.htm.

F.2d at 787 ("Appellant correctly observes that injuries to NAFI employees are covered under the LHWCA."). The NFIA contains an exclusivity provision that precludes a NAFI employee from recovering from any source other than the LHWCA for covered "disability or death resulting from injury." 5 U.S.C. § 8173.

The Third Circuit has not ruled on how a district court should dispose of a motion to dismiss that alleges that a work-related injury seemingly, but not definitively, falls within LHWCA's coverage via the NFIA. However, the Court is guided by the Third Circuit's analysis under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.*, a substantially similar workman's compensation program. FECA, like the NFIA, provides coverage for "the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102; cf. 5 U.S.C. § 8171(a). FECA also has an exclusivity provision that precludes recovery from any other source for a FECA-covered injury. 5 U.S.C. § 8116(c). Section 8173 of NFIA is "identical in all material respects to the language of its sister provision, 5 U.S.C.A. § 8116(c) . . . ." Wilder v. United States, 873 F.2d 285, 287 (11th Cir. 1989); see also McCall v. United States, 901 F.2d 548, 551 (6th Cir. 1990) (holding NFIA's exclusivity provision is "substantially identical" to FECA's exclusivity provision).

In the context of FECA, the Third Circuit has held that where a "substantial question" of coverage exists, federal courts must stay the claim pending a determination of coverage by the Secretary of Labor unless the court is "certain" the Secretary would find no coverage. DiPippa v. United States, 687 F.2d 14, 16, 20 (3d Cir. 1982). A substantial question exists where the Secretary, based on a totality of the circumstances, could find that FECA coverage exists. See

Concordia v. United States Postal Serv., 581 F.2d 439, 442 (5th Cir. 1978) (finding substantial question where court could find no case with identical facts where Secretary did or did not take action and where case presented "arguable basis" for Secretary to find coverage); see also DiPippa, 687 F.2d at 16 (citing Concordia).  A district court's jurisdiction "'is limited to determining if a substantial question of coverage under FECA exists.'"  Horton v. United States, 144 Fed. Appx. 931, 932 (3d Cir. 2005) (quoting White v. United States, 143 F.3d 232, 234 (5th Cir. 1998)).  A district court may only grant a motion to dismiss for lack of jurisdiction and avoid staying the proceedings "where it clearly appears from the allegations of the complaint that coverage unquestionably obtains, i.e. where the injuries undoubtedly occurred while the employee was performing his duty on behalf of the United States or its agency."  See Heilman v. United States, 731 F.2d 1104, 1110 (3d Cir. 1984).

Given this analysis, the Court holds that the "substantial question" test is appropriate for determining jurisdiction over a claim implicating coverage under the LHWCA via the NFIA. See Wilder, 843 F.2d at 287 (holding that "substantial question" test under FECA is the test for LHWCA claims via the NFIA); Wreath v. United States, 897 F. Supp. 517, 520 (D. Kan. 1995) (holding same).

### 1.    "Employee" under the LHWCA

Notwithstanding the above analysis, Plaintiff challenges that the LHWCA applies at all. Plaintiff asserts that she is not an employee under the LHWCA because she does not engage in "longshoring operations" and because her employment in a "recreational operation" fits an exception to the definition of employee.  Pl. br. at 20.  Plaintiff's conclusions are wrong.

Under the LHWCA, an employee does not include "individuals employed by a club,

camp, recreational operation, restaurant, museum, or retail outlet." 33 U.S.C. § 902(3)(B).

Plaintiff seemingly fits within this exception as she is employed by a golf course; ostensibly a

recreational operation. Plaintiff's conclusion that she is not therefore an "employee" would

otherwise be correct if the LHWCA were invoked directly. However, the LHWCA is not

invoked by virtue of Plaintiff's work in longshore operations, but because Congress has

specifically said that employees of a non-appropriated fund instrumentality *are* employees within

the LHWCA. See 5 U.S.C. § 8171(a); 5 U.S.C. § 2105(c). Plaintiff therefore is an employee for

purposes of the LHWCA.

### 2. Substantial question

Plaintiff also challenges that the LHWCA or the NFIA apply because she did not suffer

"death or disability." Pl. br. 21-22. Plaintiff's contention on this point is also incorrect, and the

Court finds a substantial question of LHWCA coverage exists.

Under the NFIA, workers can only recover for "disability or death resulting from injury,

as defined by [the LHWCA]." 5 U.S.C. § 8171(a). Under section 2(2) of the LHWCA, "injury"

means:

> accidental injury or death arising out of and in the course of employment, and
> such occupational disease or infection as arises naturally out of such employment
> or as naturally or unavoidably results from such accidental injury, and includes an
> injury caused by the willful act of a third person directed against an employee
> because of his employment.

5 U.S.C. § 902(2). Injury from a "willful act of a third person" includes injuries from co-

workers. See Childers v. United States, 12 F.3d 209 (table), 1993 WL 530245, at *1 (5th Cir.

1993).[3]  "Disability" means "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment; but such term shall mean permanent impairment . . . ."  5 U.S.C. § 902(10).

Plaintiff appears to allege injuries that arose out of her employment in Counts One (Defamation), Four (§ 1983 for Negligent Hiring, Training, Supervision and Retention), Eight (Misprison/Obstruction/Fraudulent Falsification), and Nine (Civil Conspiracy) of the Amended Complaint.  Plaintiff seemingly defends that these injuries are not within the NFIA's ambit because none of the claims allege disability or death.  However, other courts to have visited the question of NFIA's coverage have held that similar injuries potentially fall within the Act's coverage.  See Childers, 1993 WL 530245, at *1 (holding NAFI employee's claim for slander and libel against co-workers covered by LHWCA); Wreath v. United States, 897 F. Supp. 517, 520-21 (D. Kan. 1995) (holding NAFI employee's outrage claim arising out of alleged sexual harassment by immediate supervisor stayed pending disposition of LHWCA benefits claim).  Notably, in the related FECA context, a court within the Third Circuit has held that "emotional harms" raise a substantial question of coverage.  See O'Donnell v. United States, Civ. No. 04-00101, 2006 WL 166531, at *5-6 (E.D. Pa. Jan. 20, 2006) (collecting cases discussing emotional harms and substantial question).

Moreover, Plaintiff's alleged injuries are not outside of the LHWCA's coverage on the

_____

[3] Plaintiff challenges the Defendants' reliance on Childers v. United States, 12 F.3d 209 (table), 1993 WL 530245 (5th Cir. 1993) because it is "a one word affirmation of a lower court opinion" and because the Defendant failed to follow the Fifth Circuit's rule for citing unpublished opinions by not attaching a copy of the opinion.  Pl. br. at 22.  Plaintiff's challenge is specious.  First, the full opinion is readily available in a publicly accessible electronic database. Second, these proceedings are not before the Fifth Circuit Court of Appeals.

intentional tort exception.  Covered injuries under the LHWCA only include "accidental injuries."  33 U.S.C. § 902(2).  *Intentional* injuries by an employer are therefore actionable outside of the LHWCA's workman's compensation scheme.  Childers, 1993 WL 530245, at *1; Sample v. Johnson, 771 F.2d 1335, 1346 (9th Cir. 1985).  However, the intentional tort exception to the LHWCA is narrowly construed, meaning the plaintiff must allege "*specific intent* to injure the employee."  Childers, 1993 WL 530245, at *1 (citing Sample).  While Plaintiff's Amended Complaint generally alleges that the "conduct of the Defendants . . . was willful and intentional," Amd. Compl. at ¶ 88, she fails to specifically allege that her employer had the specific intent to injure her.  A general allegation of intent to act versus intent to injure is insufficient to escape the LHWCA's coverage.  Thus, Plaintiff's claims do not per se fall outside of the LHWCA's coverage under the intentional tort exception.

On the basis of the above authority, therefore, the Court finds that Plaintiff's alleged injuries in Counts One, Four, Eight, and Nine raise a substantial question of LHWCA coverage via the NFIA.  The Court has not been directed to any authority that clearly holds Plaintiff's work-related injuries are definitively within or outside of the LHWCA's scope of coverage.  All available authority, albeit limited, suggests that Plaintiff's claims are potentially within the LHWCA's scope.  Therefore, the Court holds that Plaintiff's claims in Counts One, Four, Eight, and Nine are stayed pending a determination by the Secretary of Labor or his designee that Plaintiff's injuries either are or are not covered.  The Court withholds judgment on Defendant's motion to dismiss under Rule 12(b)(1) and 12(b)(6) pending the Secretary's determination.

### 3.  FTCA and substitution of the United States as defendant

Both parties have briefed the issue of whether the United States should be substituted as a

party in these proceedings and whether Plaintiff's claims survive under the Federal Tort Claims

Act, 28 U.S.C. § 2671 *et seq*.  However, given the above conclusion regarding the stay of Counts

One, Four, Eight, and Nine and because of the reasons discussed below for the remaining Counts,

a determination on these issues is unwarranted at this time.  See Wilder, 873 F.2d at 288 ("Until

[the plaintiff] has made an application for [LHWCA benefits] and had it denied, she cannot

pursue her remedy under the FTCA.").

**B.      Counts Two, Three, and Five**

Defendants move to dismiss Plaintiff's claims in Counts Two (Sexual Harassment),

Three (Retaliation) and Five (Hostile Work Environment) under New Jersey's Law Against

Discrimination (LAD), N.J. Stat. Ann. § 10:5-1 *et seq*., alleging that they are pre-empted by Title

VII.  Def. br. at 25.  Plaintiff counters that she is not a federal employee and therefore not limited

to recovery under Title VII.  Pl. br. at 23.  The Court finds that Plaintiff is a federal employee and

her claims under the LAD are dismissed for failure to state a claim.

Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment based

on race, color, religion, sex, or national origin.  Brown v. Gen. Srvcs. Admin., 425 U.S. 820, 825

(1976) (citing 42 U.S.C. §§ 2000e-2, 2000e-3).  Title VII "provides the exclusive judicial remedy

for claims of discrimination in federal employment."  Id. at 835; Robinson v. Dalton, 107 F.3d

1018, 1020-21 (3d Cir. 1997).  This exclusivity means that claims under the LAD by a federal

employee are pre-empted and must be dismissed for failure to state a claim upon which relief can

be granted.  See Reiser v. New Jersey Nat'l Guard, 152 Fed. Appx. 235, 238-39 (3d Cir. 2005);

DiGiorgio v. New Jersey, Civ. No. 08-2444, 2009 WL 1883913, at *5 (D.N.J. June 29, 2009);

McGuire v. Potter, Civ. No. 06-1745, 2006 WL 2883234, at * 2 (D.N.J. Oct. 6, 2006); Holmes v.

13

Fed'l Aviation Admin., Civ. No. 98-5071, 1999 WL 771594, at *3 (D.N.J. Sept. 29, 1999), aff'd

33 Fed. Appx. 648 (3d Cir. 2002).

The issue before the Court then is whether Plaintiff is a federal employee.  Federal

employees are defined in 5 U.S.C. § 2105.  Subsection (c) states:

> An employee paid from nonappropriated funds of the Army and Air Force
> Exchange Service, Army and Air Force Motion Picture Service, Navy Ship's
> Stores Ashore, Navy exchanges, Marine Corp exchanges, Coast Guard
> Exchanges, and other instrumentalities of the United States under the jurisdiction
> of the armed forces conducted for the comfort pleasure, contentment, and mental
> and physical improvement of personnel of the armed forces is deemed not an
> employee for the purpose of–
>
> > (1) the laws administered by the Office of Personnel Management . . .
> >
> > (2) subchapter I of chapter 81, chapter 84 . . . and section 7902 of this title.
>
> This subsection does not affect the status of these nonappropriated fund activities
> as Federal Instrumentalities.

5 U.S.C. § 2105(c).

Plaintiff readily admits that she is a non-appropriated fund employee, Amd. Compl. at ¶

21, and that Family and Morale, Welfare and Recreation and the Fountain Green Golf Course are

"'instrumentalities under the jurisdiction of the armed forces conducted for the comfort, pleasure,

contentment, and mental and physical improvement of personnel of the armed forces.'"  Pl. br. at

4 (quoting 5 U.S.C. § 2105(c)).  However, Plaintiff takes great pains to demonstrate that her

claims are actually administered by the Office of Personnel Management, and thus she is not a

federal employee because of the exception in 5 U.S.C. § 2105(c)(1).  Pl. br. at 8-11.  Plaintiff's

analysis greatly misses the mark.

First, discrimination in employment is administered by the Equal Employment

Opportunity Commission and not the Office of Personnel Management.  See 42 U.S.C. § 2000e-16(b); 29 C.F.R. § 1614.103(c) (EEOC regulation covering employment discrimination claims by NAFI employees).  Second, numerous courts have held that NAFI employees are federal employees.  See Traywick v. Juhola, 922 F.2d 786, 788 (11th Cir. 1991); Calder v. Crall, 726 F.2d 598, 600-01 (9th Cir. 1984), cert. denied, 469 U.S. 857 (1984); Johnson v. United States, 600 F.2d 1218, 1222 (6th Cir. 1979); Rizzuto v. United States, 298 F.2d 748, 749 (10th Cir. 1961); United States v. Holcombe, 277 F.2d 143, 146 (4th Cir. 1960); see also United States v. Merchants Mut. Ins. Co., Civ. No. 05-5310, 2007 WL 1816256, at * 1 n.1 (D.N.J. June 22, 2007) ("'As a general rule both civilian and military employees of non-appropriated fund instrumentalities are considered employees of the United States Government . . . .") (quoting 15 N.Y. Prac., New York Law of Torts § 17:13)).  On the basis of this authority, the Court finds that Plaintiff is a federal employee.  Therefore, Plaintiff's claims in Counts Two, Three, and Five are dismissed for failure to state a claim upon which relief can be granted.

**C.    Counts Six and Seven**

Plaintiff voluntarily withdraws Counts Six (Violation of Fair Labor Standards Act) and Seven (Violation of the Equal Pay Act of 1964) in her Response Brief.  Pl. br. at 24.  Therefore, Counts Six and Seven are dismissed.

**D.    Count Ten**

Defendants move to dismiss Count Ten (Pregnancy Discrimination Act) of the Amended Complaint alleging that Plaintiff failed to exhaust administrative remedies as required by law before bring suit.  Def. br. at 26.  Plaintiff offers no response to her purported failure to exhaust. The Court holds that Plaintiff's failure to exhaust administrative remedies is fatal to her Title VII

15

claim.

Title VII prohibits discrimination in employment "because of" sex.  42 U.S.C. § 2000e-2(b).  The Pregnancy Discrimination Act amended Title VII to add that "because of sex" includes pregnancy.  42 U.S.C. § 2000e(k).  Before bringing suit under Title VII alleging employment discrimination, a federal employee must exhaust specific administrative procedures.  Robinson, 107 F.3d at 1021.  In the Third Circuit, exhaustion of administrative remedies is a prudential rather than a jurisdictional requirement.  Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007).  This means that a complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim rather than under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to either timely exhaust or failed to exhaust at all.  Id.

In this matter, Plaintiff has failed to plead in the Amended Complaint that she exhausted administrative remedies or why she failed to do so, and  she did not offer an explanation in her Response Brief.  Under these circumstances, the Court must dismiss for failure to state a claim upon which relief can be granted.  Therefore, Count Ten is dismissed.

###### E.    Alternative Motion to Dismiss under Rule 8(a)(2)

Defendants move in the alternative to dismiss Plaintiff's Amended Complaint for failure to provide a "short and plain statement of the claim" as required by Rule 8(a)(2).  Def. br. at 37.  However, because the Court's jurisdiction as to Counts One, Four, Eight, and Nine is unknown pending a determination by the Secretary of Labor and because the Court otherwise granted Defendants' motions as to the remaining Counts, the Court withholds judgment on Defendant's Rule 8(a)(2) motion as to Counts One, Four, Eight, and Nine, and the motion is denied as to the remaining Counts.

16

## IV.    CONCLUSION

For the foregoing reasons, the case is **STAYED** as to Counts One, Four, Eight, and Nine. The Court withholds judgment on Defendant's motion to dismiss under Rule 12(b)(1) and 12(b)(6) as to those claims pending the Secretary of Labor's determination of coverage.  The motion to dismiss under Rule 12(b)(6) is **GRANTED** as to Counts Two, Three, Five, and Ten. Defendants' alternative motion to dismiss under Rule 8(a)(2) is **DENIED IN PART**.  The Court withholds judgment on Defendant's Rule 8(a)(2) motion as to Counts One, Four, Eight, and Nine.  Counts Six and Seven are voluntarily withdrawn and are **DISMISSED**.

Furthermore, because the Court cannot proceed with Counts One, Four, Eight, and Nine until the Secretary of Labor makes a determination of coverage, the Court will direct the Clerk of the Court to **ADMINISTRATIVELY TERMINATE WITHOUT PREJUDICE** the remaining claims.


Dated:   9-15-2009                                      /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge

17